1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

9   MEYER MANUFACTURING
    COMPANY LIMITED, a
10  Hong Kong Corporation,
                                            NO. CIV. S-11-3153 LKK/DAD
11          Plaintiff,

12      v.
                                            O R D E R
13  TELEBRANDS CORP., a New
    Jersey Corporation,
14
15          Defendant.
    _____/

16      This action for declaratory judgment and cancellation of a

17  trademark is brought by Plaintiff Meyer Manufacturing Company

18  Limited ("Meyer"), a distributor of cookware, against Defendant

19  Telebrands Corporation ("Telebrands"), a business with U.S.

20  Trademark Registration No. 3,843,331, which allegedly "covers the

21  color green on the inside surface of pots and pans." Pl's Compl.,

22  ECF No. 1, at 2.

23      Presently before the court is Defendant Telebrand's motion to

24  transfer venue to the District of New Jersey, brought pursuant to

25  28 U.S.C. § 1404(a), which Plaintiff Meyer opposes. See Def's

26  Mot., ECF No. 15; Pl's Opp'n, ECF No. 24. Defendant has also filed

a motion for an extension of time to file an answer to Plaintiff's complaint, which Plaintiff opposes.  See Def's Mot., ECF No. 21; Pl's Opp'n, ECF No. 25.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On November 29, 2011, Plaintiff Meyer filed a complaint against Defendant Telebrands for: (1) declaratory judgment of non-infringement of trademarks; and (2) cancellation of the U.S. Trademark Registration No. 3,843,331.  Pl's Compl., ECF No. 1. Plaintiff Meyer is a corporation organized under the laws of Hongkong, with its principal place of business in Hongkong, China. Id. at ¶ 1.  According to the complaint, Meyer's United States affiliate and distributor, Meyer Corporation, U.S., is headquartered in Vallejo, Solano County, California, and its cookware is sold throughout the world, including within the Eastern District of California.  Id.

According to Plaintiff, Defendant Telebrands is a corporation organized under the laws of the State of New Jersey and registered to do business in California.  Id. at ¶ 2.  Plaintiff asserts that "Telebrands is engaged in the business of selling non-stick cooking pans with green ceramic coating inside the pans," which are "sold to consumers via television and the internet within the jurisdiction of this Court."  Id.

Plaintiff alleges, inter alia, the following facts: (1) on or about October 28, 2011, counsel for Telebrands, Robert T. Maldonado of Cooper & Dunham LLP, sent a letter to the President and CEO of one of Meyer's largest television and online retail customers, in

1  which Mr. Maldonado asserted that Meyer's product, "Earthpan,"

2  incorporates the color green on the inside surface of the pan, in

3  violation of Telebrands' trademark rights; (2) the October 28, 2011

4  letter concluded by demanding that the retailer cease and desist

5  advertising, offering for sale, distributing and selling the green

6  "Earthpan" skillet set; (3) shortly thereafter, in communications

7  between counsel for Meyer (Scott Peterson) and Robert Maldonado via

8  phone and letter, Mr. Maldonado made it clear that Telebrands

9  intended to fully protect and assert its trademark rights,

10  whereupon Mr. Peterson explained that if Telebrands did not retract

11  its cease and desist demand, Meyer would pursue litigation to

12  resolve the issue; and (4) "Meyers sells its Earthpan skillets

13  through various channels, including through major television and

14  online retailers." Id. at ¶¶ 7,8, 19.

15      On November 29, 2011, the court issued a summons directed to

16  Defendant Telebrands which required Telebrands to file an answer

17  to the complaint within twenty-one days. Summons Iss., ECF No. 4.

18  On December 20, 2011, the parties filed a stipulation extending the

19  time for Telebrands to file an answer to January 23, 2012. Stip.,

20  ECF No. 8.

21      On January 23, 2012, Defendant Telebrands filed the motion to

22  transfer presently before the court. Def's Mot., ECF No. 15.

23  Defendant makes, inter alia, the following assertions: (1) although

24  Meyer Corporation U.S. is headquartered in Vallejo, Solano County,

25  California, Meyer Corporation U.S. is not a party to the present

26  action; (2) Telebrands' "sole place of business is Fairfield, New

3

Jersey," and Telebrands "does not have any employees located in California," nor does it have any physical business location, office or mailing address, bank accounts, real estate, or employees in California; (3) counsel for Telebrands, and the sender of the October 28, 2011 letter, is located in New York, New York; (4) the recipient of the October 28, 2011 letter was the President and CEO of QVC, Inc. ("QVC"), a company which is headquartered in West Chester, Pennsylvania; (5) counsel for Meyer, who contacted Telebrands via phone and letter following the October 28, 2011 letter, is located in Chicago, Illinois; (6) Telebrands' employees are all located in or around New Jersey and, because of its "lean corporate structure," "the absence of even a few of its key employees during the course of litigation in California would have a substantial adverse impact on the operation of its business"; (7) "nonparty witnesses who may be important in this case include employees of QVC," which is "headquartered in Pennsylvania, which borders New Jersey"; and (8) "[l]itigating this action in California would substantially increase the costs for Telebrands." Def's Mot., ECF No. 15, Ex. 1, at 5-6, 9, 11; Ex. 2, at 2-3.

Plaintiff asserts, <u>inter alia</u>, that: (1) Meyer's counsel, Dean Krause, "primarily works out of Solano County, California"; (2) "Meyer's only arguable connection to the United States exists through its affiliate and largest customer--MUS [Meyer Corporation, U.S.]," which is headquartered in Vallejo, Solano County, California; (3) "Meyer anticipates deposing and/or calling to testify witnesses with knowledge of this dispute who are located

4

in Solano County, including Mr. Krause"; (4) discoverable documents
in the U.S. "that relate to Meyer's Earthpan products are housed
at MUS's headquarters" and relate to "information concerning
Telebrands' pre-suit communications with QVC and Meyer"; (5) "Meyer
also anticipates calling one or more witnesses located in Hongkong,
and producing documents housed in Hongkong with respect to
information regarding Meyer's green Earthpan skillet"; (6) "Meyer
does not do business in New Jersey and it does not have any
registered agent, offices, or even customers in New Jersey," and
thus, although "Meyer could have filed its declaratory judgment
action in the District of New Jersey," "Defendant could not have
brought an infringement action against Meyer in New Jersey because
Meyer is not subject to personal jurisdiction in New Jersey"; (7)
Telebrands "sells the OrGreenic skillet, one of the products
presently at issue, in the Eastern [D]istrict" of California and
"has even been featured on at least one local newscast in
Sacramento, CA"; (8) Defendant "has a registered agent in
California" and "has carried on litigation in various venues
throughout the country," including in the Central District of
California; (9) "Earthpan products are distributed by MUS," and
therefore, "any impact on the profitability of the Earthpan line
of products will be felt by MUS in this District"; (10) "to the
extent witnesses from Hongkong must travel to the United States,
it will be faster, cheaper, and more efficient for those witnesses
. . . to travel to the West Coast of the United States than to the
East Coast"; and (11) in an action, such as this, "where no

1  immobile physical evidence is involved, venue will have little
2  impact on access to sources of proof" because documents can be sent
3  electronically, "[w]itnesses are likely to be deposed where they
4  reside . . . and videoconference arrangements may even be made for
5  overseas witnesses."  Pl's Opp'n, ECF No. 24, at 6-15; Krause
6  Decl., ECF No. 24, Ex. 3.

7       On February 14, 2012, Defendant filed a motion for an
8  extension of time to answer the complaint, pending a decision on
9  the pending motion to transfer the action.  Def's Mot., ECF No. 21.
10 Defendant argues that "the answer, and any counter-claims, may
11 depend upon the court in which the action is pending."  Id., Ex.
12 1, at 2.  Defendant "requests that the court extend the time for
13 filing the answer to the complaint to ten (10) days following a
14 decision by the court on the pending Motion to Transfer."  Id. at
15 3.

16      Plaintiff opposes Defendant's motion for an extension of time
17 and requests the court to "order Defendant to file its answer
18 within five (5) days of the Court's ruling on Defendant's Motion
19 to Extend the Time to Answer."  Pl's Opp'n, ECF No. 25.  Plaintiff
20 notes that, after agreeing to the original stipulation to extend
21 Defendant's time for filing an answer to January 23, 2012,
22 Plaintiff again offered Defendant an extension to February 20,
23 2012.  Grill Decl., ECF No. 25, Ex. 1, at 1.

24 ////

25              **II.   STANDARD FOR MOTION TO TRANSFER**
26      Under Federal Rule of Civil Procedure § 1404(a), the court may

1  transfer an action to another district: (1) for the convenience of

2  the parties; (2) for the convenience of the witnesses, and (3) in

3  the interest of justice provided that the action might have been

4  brought in the transferee court.   28 U.S.C. § 1404(a).   The

5  district court has broad discretion "to adjudicate motions for

6  transfer according to an 'individualized, case-by-case

7  consideration of convenience and fairness.'"   Jones v. GNC

8  Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (quoting

9  Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 101

10 L.Ed.2d 22 (1988)); see also Westinghouse Elec. Corp. v. Weigel,

11 426 F.2d 1356, 1358 (9th Cir. 1970).

12     Transfer is discretionary but is governed by certain factors

13 specified in the statute and in relevant case law.   An action may

14 not be transferred to a district where venue would have been

15 improper if it had originally been filed there.   Once the court

16 determines that venue would be proper in the transferee district,

17 it must determine whether the action should be transferred to that

18 district.

19     In deciding whether to transfer on grounds of convenience and

20 in the interest of justice, the court considers the following eight

21 factors, where relevant: (1) the location where the relevant

22 agreements were negotiated and executed; (2) the state that is most

23 familiar with the governing law; (3) the plaintiff's choice of

24 forum; (4) the respective parties' contacts with the forum; (5) the

25 contacts relating to the plaintiff's cause of action in the chosen

26 forum; (6) the differences in the cost of litigation in the two

forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498-99 (9th Cir. 2000).

The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer. <u>Futures Trading Comm'n v. Savage</u>, 611 F.2d 270, 279 (9th Cir. 1979); <u>see also</u> <u>Los Angeles Memorial Coliseum Comm'n v. National Football League</u>, 89 F.R.D. 497, 499 (C.D. Cal. 1981), *aff'd*, 726 F.2d 1381, 1399 (9th Cir. 1984). It is not enough for a defendant merely to show that it prefers another forum nor will transfer be ordered if the result is merely to shift the inconvenience from one party to another. <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 645-46, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

### III. ANALYSIS

**A. Motion to Transfer**

**i. Whether Venue is Proper in the District of New Jersey**

28 U.S.C. § 1404(a) provides that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Neither party contests that Plaintiff Meyer could have brought this action against Telebrands in the District of New Jersey. <u>See</u> Pl's Opp'n, ECF No. 24, at 8 ("To be sure, Meyer could have filed its declaratory judgment action in the District of New Jersey."). The court therefore determines that venue would be proper in the District of New

1  Jersey, and now considers whether the action should be transferred

2  to that district.

3      **ii. Plaintiff's Choice of Forum**

4      Although a plaintiff's choice of forum is generally granted

5  great weight, <u>Lou v. Belzberg</u>, 834 F.2d 730, 739 (9th Cir. 1987),

6  courts substantially reduce their deference to a plaintiff's choice

7  of forum when the plaintiff does not reside in the forum. <u>See</u> <u>New</u>

8  <u>Image, Inc. v. Travelers Indem. Co.</u>, 536 F.Supp. 58, 59 (E.D.Pa.

9  1981); <u>Bryant v. ITT Corp.</u>, 48 F.Supp.2d 829, 832 (N.D.Ill. 1999);

10  <u>see also</u> <u>Owner-Operator Indep. Drivers Ass'n, Inc. v. C.R. England,</u>

11  <u>Inc.</u>, No. 02-cv-5664 AWI SMS, 2002 WL 32831640, at *7 (E.D.Cal.

12  Aug. 19, 2002) (finding that deference to plaintiff's choice of

13  forum is diminished where plaintiff does not reside in chosen forum

14  and none of the events alleged in the complaint occurred there).

15      Plaintiff is a Hongkong corporation whose U.S. affiliate is

16  not a named party in the dispute.  Therefore, Plaintiff does not

17  reside in the forum district and Plaintiff's choice of forum should

18  be granted somewhat diminished deference.

19      In determining the weight of the deference to be given to

20  plaintiff's choice of forum, "consideration must be given to the

21  extent both of the defendant's business contacts with the chosen

22  forum and of the plaintiff's contacts, including those relating to

23  [its] cause of action." <u>Pac. Car & Foundry Co. v. Pence</u>, 403 F.2d

24  949, 954 (9th Cir. 1968).

25      Here, Defendant has business contacts with the Eastern

26  District of California.  Although the Defendant has no physical

office, bank accounts, employees, or real estate within the Eastern District, it does market its products to consumers within this district.

Plaintiff asserts that its only arguable connection to the United States exists through its affiliate and largest customer, Meyer Corporation, U.S., which is headquartered in Vallejo, Solano County, California. Plaintiff also contends that an attorney involved in this dispute, witnesses, and documents related to the cause of action, are located in Solano County as well.

The court determines that, because of Plaintiff's contacts to the Eastern District of California related to Meyer's cause of action, Plaintiff's choice of forum will be given deference in analyzing the motion to transfer.

Plaintiff further argues that Defendant's motion to transfer should be denied because the District of New Jersey would not have personal jurisdiction over the Plaintiff. This argument is not persuasive. Plaintiff has asserted that it sells its cookware throughout the world, and through various channels, including through major television and online retailers. It stands to reason that Plaintiff has, therefore, sold its cookware within the District of New Jersey, constituting sufficient contacts with the district to grant the District of New Jersey personal jurisdiction over Plaintiff if a trademark infringement action were initiated against Plaintiff in that district. Furthermore, even if Meyer, as a foreign manufacturing corporation, were not subject to personal jurisdiction within the District of New Jersey, Meyer's

1  U.S. affiliate, MUS, would likely be subject to personal
2  jurisdiction within that district based on sales therein.   If
3  Defendants were to bring a trademark infringement action against
4  MUS in the District of New Jersey, Meyer would either abandon MUS,
5  its largest customer and U.S. affiliate, or Meyer would defend MUS
6  in the suit, thereby consenting to personal jurisdiction in that
7  district.

8      Thus, although Plaintiff's choice of forum will be granted
9  deference in analyzing the motion to transfer, Plaintiff's argument
10 that, of the two fora, only the Eastern District of California
11 would have personal jurisdiction over both parties in this action
12 fails.

13 **iii. Parties' Contacts with the Forum**

14     As stated above, Defendant has contacts with the Eastern
15 District of California because it markets its products to consumers
16 within this district.

17     Also as stated above, Plaintiff has contacts with the Eastern
18 District of California through its U.S. affiliate, Meyer
19 Corporation, U.S., and through the presence of an attorney involved
20 in this dispute, witnesses, and documents related to the cause of
21 action, within the Eastern District of California.

22     Because both parties have contacts with the Eastern District
23 of California, consideration of this factor aids neither party.

24 **iv.  Contacts Relating to Plaintiff's Cause of Action with the**
25 **Eastern District of California**

26     Defendant has marketed its product, for which it claims a

11

1  trademark, within the Eastern District of California.  Defendant
2  has also indicated that it is willing to enforce its trademark
3  against Plaintiff, whose major U.S. affiliate is located in the
4  Eastern District.  As stated above, Defendants have no office,
5  employees, bank accounts, or real estate in the district.

6      Plaintiff claims to have an attorney related to the cause of
7  action, documents, and witnesses, located within this district.
8  Plaintiff also sells its cookware at issue throughout the world,
9  including within the Eastern District of California.      O      n
10  balance, the court determines that this factor weighs in favor of
11  denying Defendant's motion to transfer because there are contacts
12  relating to Plaintiff's cause of action within the Eastern District
13  of California.

14  **v. Location where the Relevant Agreements were Negotiated and**
15  **Executed**

16      Defendant contends, and Plaintiff does not dispute, that its
17  October 28, 2011 cease and desist letter, was sent by counsel for
18  Telebrands, located in New York, NY, to the President and CEO of
19  QVC, Inc., which is headquartered in West Chester, Pennsylvania.
20  The attorney for Meyer who contacted Telebrands via phone and
21  letter (and who appears to be lead counsel in the action presently
22  before the court), is located in Chicago, Illinois.  The trademark
23  at issue is a matter of public record and the particular location
24  of its registration is not pertinent to either of the parties
25  choice of venue.

26      Because the communications between counsel have relevance to

1  the suit, and none of those communications involved in the Eastern
2  District of California, this factor weighs in favor of granting
3  Defendant's motion to transfer.

4      **vi.   The State Most Familiar with the Governing Law**

5      This action arises under federal law, specifically, the Lanham
6  Act, 15 U.S.C. § 1501, et seq.  As such, both the Eastern District
7  of California and the District of New Jersey are likely equally
8  familiar with the federal law at issue, and consideration of this
9  factor aids neither party.

10     **vii. The Differences in the Cost of Litigation in the Two Forums**

11     Here, both parties have make reasonable arguments that they
12 will incur substantial costs if not allowed to litigate this action
13 in their forum of choice.  Defendants, having a lean corporate
14 structure, will suffer losses when key employees are taken away
15 from their regular responsibilities for the purpose of litigation.
16 Defendants will also likely incur significant costs in litigating
17 in this district because its base of company operations, witnesses,
18 and documents are located on the eastern coast.

19     Plaintiffs, on the other hand, will similarly incur
20 significant costs in litigating the action in New Jersey because
21 its witnesses, documents, and base of operations are either in
22 California or in Hongkong, and the travel from Hongkong to New
23 Jersey would likely be more costly and cumbersome than the travel
24 from Hongkong to California.

25     As to court costs, it is unknown what the differences in costs
26 of litigation would be between the Eastern District of California

1 or the District of New Jersey.  In terms of court congestion, the
2 Eastern District of California appears to have a more congested
3 docket than the District of New Jersey.  As of March 2011, the
4 Eastern District had 6840 civil cases pending, with 12 district
5 judges, both senior and active, while the District of New Jersey
6 had 5911 civil cases pending, with 24 district judges, both senior
7 and active.[1]

8     This factor, therefore, weighs in favor of transferring the
9 action to the District of New Jersey.

10  **viii.   The  Availability  of  Compulsory  Process  to  Compel**
11  **Attendance of Unwilling Party Witnesses**

12     Convenience of the witnesses is one of the most important
13 factors in determining whether to grant a motion to transfer.  See,
14 e.g., Los Angeles Memorial Coliseum Comm'n v. Nat'l Football
15 League, 89 F.R.D. 497, 501 (C.D.Cal. 1981).  To show inconvenience
16 to witnesses, the moving party should state the witnesses'
17 identities, locations, and content and relevance of their
18 testimony.  See Florens Container v. Cho Yang Shipping, 245
19 F.Supp.2d 1086, 1092-93 (N.D.Cal. 2002).

20     Defendant has stated that its witnesses include Telebrands'
21 employees, who are all located in or around New Jersey, and
22 employees of QVC, who are "likely based" in Pennsylvania, where QVC
23 is headquartered.  Defendant has not made clear, however, how the

24 _____

25     [1]See U.S. District Courts, Caseload Statistics 2011, Table C,
*a    v    a    i    l    a    b    l    e*
26 *at* http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/
FederalJudicialCaseloadStatistics/2011/tables/C00Mar11.pdf.

1  testimony of QVC witnesses will be relevant to the trademark

2  infringement claim at issue in this suit.  Plaintiff argues that

3  West Chester, Pennsylvania, is outside the 100-mile subpoena power

4  of the District of New Jersey. <u>See</u> Fed.R.Civ.P. 45(b)(2)(B).[2]

5  Without further evidence of where the employees of QVC are actually

6  based, or where the Defendant would seek to have the deposition,

7  production, or inspection, the court is unable to determine whether

8  the employees of QVC would, in fact, be subject to compulsory

9  process in the District of New Jersey.  Suffice it to say,

10  Defendant's witnesses are primarily on the eastern coast of the

11  United States and, assuming the relevance of their testimony, those

12  witnesses would be inconvenienced by being required to travel to

13  California.

14      Plaintiff has stated that its witnesses include its attorney

15  and other employees in its U.S. affiliate, located in California,

16  as well as employees in Hongkong, who would be less inconvenienced

17  traveling to California than they would by traveling to New Jersey.

18      On balance, the court determines that either party's intended

19  witnesses would be inconvenienced by the other party's choice of

20  forum and, therefore, the inconvenience is equally divided between

21  the parties.

22  **ix.  The Ease of Access to Sources of Proof**

23      Telebrand argues that all of their documents are records are

24

25      [2] Federal Rule of Civil Procedure 45(b)(2)(B) provides that
a subpoena may be served at any place "outside [the district of the
issuing court] but within a hundred miles of the place specified

26  for the deposition, hearing, trial, production, or inspection."

15

1  located in New Jersey.   Similarly, Meyers argues that the only

2  discoverable documents in the U.S. that relate to Meyer's Earthpan

3  products are housed with their U.S. affiliate in Solano County.

4      However, the court is persuaded by Meyer's argument that,

5  because no immobile physical evidence in involved in this case,

6  venue will have little impact on access to sources of proof.

7      On balance, the court determines that both parties will be

8  similarly inconvenienced if not allowed to litigate in their choice

9  of venue.

10     Because Plaintiff's choice of forum is given deference in this

11  case, and because Defendant has not shown that the balance of

12  convenience clearly favors transfer, Defendant's motion to transfer

13  venue is DENIED.   On the whole, the court determines that

14  transferring the action to the District of New Jersey would merely

15  shift the inconvenience from Defendant to Plaintiff, which does not

16  favor transfer.   <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805

17  F.2d 834, 843 (9th Cir. 1986).

18  **B. Motion to Extend the Time to Answer the Complaint**

19     Defendant's answer was due on January 23, 2012.   Defendant did

20  not file its answer on that date but, instead, filed the motion to

21  transfer presently before the court.   Defendant did not file its

22  motion for an extension of time to file an answer until February

23  14, 2012.

24     According to the Eastern District of California's Local Rule

25  144(d), "Counsel shall seek to obtain a necessary extension from

26  the Court . . . as soon as the need for an extension becomes

1  apparent.   Requests for Court-approved extensions brought on the

2  required filing date for the pleading or other document are looked

3  upon with disfavor."  L.R. 144(d).

4      Here, Defendant should have sought an extension of time to

5  answer the complaint as soon as it decided to file a motion to

6  transfer venue, and not, as it did, close to three weeks later

7  after Defendant's answer was due.  The court therefore DENIES

8  Defendant's motion for an extension of time to file an answer.

9  Defendant SHALL file its answer within five (5) days of the

10 issuance of this order.

11                          **IV. CONCLUSION**

12    Accordingly, Defendant's motion to transfer, ECF No. 15, is

13 DENIED; Defendant's motion for an extension of time, ECF No. 21,

14 is DENIED.   Defendant SHALL file its answer to Plaintiff's

15 complaint within five (5) days of the issuance of this order.

16    IT IS SO ORDERED.

17    DATED:  April 6, 2012.

18

19

20                              LAWRENCE K. KARLTON
                               SENIOR JUDGE
21                             UNITED STATES DISTRICT COURT

22

23

24

25

26

                                  17