HOLLAND & KNIGHT LLP
R. David Donoghue, Esq. (SBN 205730) (Counsel for Service)
Michael A. Grill (Pro Hac Vice)
131 S. Dearborn Street, 30th Floor
Chicago, Illinois 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6666
Email: david.donoghue@hklaw.com

HOLLAND & KNIGHT LLP
Matthew P. Vafidis (SBN 1003578)
50 California Street, 28th Floor
San Francisco, CA 94111
Telephone: (415) 743-6900
Facsimile: (415 743-6910
Email: matthew.vafidis@hklaw.com

Attorneys for Counterclaim Defendants
MEYER MANUFACTURING COMPANY LIMITED, and
MEYER CORPORATION, U.S.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEYER MANUFACTURING COMPANY LIMITED, | CASE NO. 2:11-cv-03153 LKK-DAD |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| v. | |
| TELEBRANDS CORP., a New Jersey Corporation, | |
| Defendant | |
| TELEBRANDS CORP., a New Jersey Corporation, | |
| Counter-Plaintiff, | |
| v. | |
| MEYER MANUFACTURING COMPANY LIMITED, and | |
| MEYER CORPORATION U.S., | |
| Counter-Defendants. | |

IT IS HEREBY STIPULATED, AGREED TO, and ORDERED by the Court as follows:

1. As used herein, the term "Confidential Information" shall refer only to information that a producing party claims in good faith to constitute a trade secret, confidential research, development, or otherwise confidential commercial information. The parties have reached agreement on the categories of information that the parties will designate and treat as confidential in view of the federal rules of civil procedure, Local Rule 141.1, and applicable case law. The categories of documents that the parties contemplate may contain Confidential Information and, therefore, may be designated and treated as Confidential Information under this Stipulation and Protective Order are listed at Exhibit A. The parties need to protect the categories of information listed in Exhibit A because the parties compete in the highly competitive cookware industry. Thus, if certain proprietary or sensitive information covered by the categories listed in Exhibit A are released or used outside of this litigation, the parties may lose competitive advantages that they have obtained through effort and expense. Additionally, in some instances, information may be subject to confidentiality agreements between a party and a non-litigant. The parties further agree that the protections and terms provided herein should be addressed by a court order, as opposed to a private agreement, for purposes of efficient enforcement, if necessary.

2. Confidential Information, as defined herein, disclosed by a plaintiff, a defendant, or a third party (hereinafter "producing party") to any other party (hereinafter "receiving party") pursuant to discovery in this action shall be used solely for purposes of this action.

3. Information to be treated under this Protective Order as Confidential Information may include:

   a. Information set forth in responses to discovery requests made under Fed. R. Civ. P. 26, 31, 33, or 36, or in documents and things produced for inspection under Fed. R. Civ. P. 30(b)(5), 33(d), 34 or 45, provided that, prior to delivery to the receiving party, the responses or copies of documents are marked by the producing party with the following (or similar) legend:

**CONFIDENTIAL - Subject to Protective Order**

1      b.     Information revealed during a deposition upon oral examination taken under Fed. R. Civ. P. 27, 28, 30 or 45, if the producing party has (i) indicated on the record or in writing at the time the deposition was taken or prior to the preparation of the transcript, that portions of the deposition contain Confidential Information or (ii) has notified opposing counsel in writing within fourteen (14) working days after receipt of the deposition transcript that the deposition contains Confidential Information. In either case, within thirty (30) days of the deposition, the designating party must specifically identify those portions of the deposition in which Confidential Information was disclosed.

      c.     It is contemplated that a party may make available certain of its files for inspection by the other party, which files may contain confidential as well as nonconfidential material, and that following such inspection the inspecting party will designate documents to be copied and the copies furnished or produced to it. In order to protect any Confidential Information contained in the files produced for inspection, all documents made available for such inspection may be temporarily designated by the producing party as Confidential Information. When the inspecting party designates the documents it wishes copied, the producing party may mark appropriate documents as Confidential Information according to paragraph 3 and then provide copies of the designated documents to the inspecting party.

      4.     Access to information designated as Confidential Information shall be limited to the following persons:

      a.     outside and in-house counsel for a receiving party and stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to Confidential Information;

      b.     the Court and its authorized staff, court reporters, and the jury; and

      c.     witnesses, or outside experts or consultants for a receiving party whose advice and consultation are being or will be used by such party solely in connection with this action, including their stenographic and clerical personnel; provided that disclosure to such witnesses, experts or consultants shall be made only on the following conditions:

     i. Counsel desiring to disclose an opposing party's Confidential Information to such witnesses, experts or consultants shall first obtain and produce to opposing counsel a copy of a signed Agreement to Abide by Stipulation and Protective Order in the form of Exhibit B attached hereto from each such witness, expert or consultant, and counsel shall retain in his file a copy of each such signed Agreement to Abide by Stipulation and Protective Order.

     ii. No Confidential Information shall be disclosed to such witness, expert or consultant until after the expiration of a five (5) working day period commencing with the service upon counsel for the producing party a copy of the signed Agreement to Abide by Stipulation and Protective Order, including the name of the witness, expert or consultant, and a curriculum vitae or other summary of the witness, expert or consultant occupational history and background. During the five (5) working day period after such service, counsel for the producing party may object in good faith to such disclosure, and must provide the basis for such objection in writing. In the event of any such objection, there shall be no disclosure of Confidential Information to such witness, expert or consultant, except by further order of the Court or by agreement of the parties. If the parties are unable to reach any agreement over the disclosure of designated Confidential Information to the witness, expert or consultant, the party seeking to prevent the disclosure shall request by motion that the Court issue an order preventing the disclosure of such Confidential Information to the witness, expert or consultant. In accordance with the procedure outlined in paragraph (8) herein, the burden of supporting the claim that the information is Confidential Information and/or that it should not be disclosed to a particular witness, expert or consultant shall be upon the party who designated the information as Confidential Information. In the event of the filing of any such motion, there shall be no disclosure of Confidential Information to the witness, expert or consultant, pending resolution of the motion by the Court.

  d. Not including outside and in-house counsel, not more than two (2) designated employees of any party, shall have access to Confidential Information. Such employees must sign the Agreement to Abide by Stipulation and Protective Order in the form attached hereto as

Exhibit B. The executed agreement shall be served upon counsel of record for the producing party within 10 days of execution.

5. Materials Designated as "ATTORNEYS' EYES ONLY":

In the event that a party deems in good faith certain information, documents, or things extraordinarily sensitive and, therefore, inappropriate for treatment merely as Confidential Information, such items may be designated and marked "FOR ATTORNEYS' EYES ONLY" in addition to the CONFIDENTIAL designation set forth in this Stipulation and Protective Order. Materials designated as "FOR ATTORNEYS' EYES ONLY" will be treated as Confidential Information as set forth in this Stipulation and Protective Order, except that those person(s) identified in Paragraph 4(d) will be prohibited access to such designated materials.

6. Confidential Information shall not be made public or disclosed to third parties or persons by the receiving party, shall be used by the receiving party only for the purposes of discovery or trial in the present action and for no other purpose either prior to or subsequent to disposition of the present action, and shall be disclosed only to persons specified in Paragraphs 4 and 5.

7. If Confidential Information is to be filed with the Court in connection with any proceedings herein, it shall be filed pursuant to the local rules of court regarding sealed documents with the caption of the case and the following (or similar) legend:

**CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER
TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT**

Court filings made under seal are to be limited to Confidential Information. Thus, the parties must file public pleadings and briefs, but may file sealed supplements if necessary to discuss in detail Confidential Information subject to this protective order. To the extent possible, however, documents containing Confidential Information that are filed with the Court should be redacted to protect the Confidential Information, rather than filed under seal pursuant to this paragraph.

8.      The acceptance of Confidential Information by the parties shall not constitute an admission or concession or permit an inference that the Confidential Information is in fact confidential.  Any receiving party may at any time request that the designating party cancel the CONFIDENTIAL designation with respect to any document, object or information. Such request shall be made to counsel for the designating party, and shall particularly identify the designated Confidential Information that the receiving party contends is not confidential and the reasons supporting its contention.  If the designating party does not agree to remove the CONFIDENTIAL designation, then the party contending that such documents, objects or information are not confidential may request by motion that the Court remove such information from the protections of this Order.  A presumption attaches, upon designation of a particular item of information as CONFIDENTIAL, that such information is in fact entitled to confidential status under this Stipulation and Protective Order, and the party opposing such designation shall bear the initial burden of presenting evidence to overcome the presumption. In such case, the burden of supporting the claim that the information is Confidential Information shall then be upon the party who designated the information as Confidential Information.  In the event of the filing of any such motion, there shall be no disclosure of Confidential Information to any person or party except under the provisions of this Stipulation and Protective Order, pending resolution of the motion by the Court.

9.      a. This Stipulation and Protective Order shall not prevent a party from attempting to examine as witnesses, at depositions and at trial, persons who are not otherwise authorized to receive Confidential Information, so long as such examination concerns Confidential Information to which the witness previously had authorized access or which the witness either authored or was copied on, as demonstrated by foundation testimony pursuant to paragraph 9(b).

b.      This Stipulation and Protective Order shall not prevent counsel from examining a witness to determine whether he or she had authorized access to the Confidential Information, so long as such examination shall be in a manner that does not disclose the details of the Confidential Information.

   c. This Stipulation and Protective Order shall not prevent counsel for any entity from using Confidential Information produced by another entity to examine any employee of the entity producing the Confidential Information.  For example, a plaintiff can use any of the Confidential Information produced by a defendant to examine any of that defendant's employees (assuming they are otherwise properly deponents), and a defendant can use any of the Confidential Information produced by a plaintiff to examine any of that plaintiffs employees (assuming they are otherwise properly deponents).

  10. Confidential Information may be used in testimony at trial, at any motion hearing, and at depositions, and may be offered in evidence at trial or at any motion hearing, all subject to any further order regarding confidentiality as this Court may enter, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion, all subject to paragraphs 5 and 6, but may not be used for any other purpose except as expressly provided herein or by further order of the Court. At the request of a producing party, any person(s) not permitted access to Confidential Information under paragraphs 5 and 6 may be barred from attending any portion of any motion hearing, or depositions at which such Confidential Information is revealed, subject to any further order regarding confidentiality as this Court may enter. With respect to trial and appeal, the parties shall meet and confer before introducing confidential documents or testimony to discuss whether, by agreement, they can redact or otherwise avoid use of confidential information not necessary for introduction at trial or on appeal.  Before any material designated by a third party as Confidential Information is produced during discovery or otherwise used at a deposition, hearing, trial, or appeal, the party intending to produce or use such material designated as Confidential Information must provide the third party with five (5) days written notice prior to its submission to allow the third party and opportunity to object and be heard on the issue.

  11. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this action and in the course thereof, relying upon such attorney's examination of Confidential Information; provided, however, that in rendering such advice and in

otherwise communicating with such client, the attorney shall not disclose any Confidential Information to unauthorized persons.

      12.    Should any Confidential Information be disclosed, inadvertently or otherwise, by the receiving party to any person or party not authorized under this Stipulation and Protective Order, then the receiving party shall (a) use its best efforts to obtain the return of any such Confidential Information and to bind such person to the terms of this Stipulation and Protective Order; (b) as soon as possible and no later than five (5) working days of the discovery of the unauthorized nature of such disclosure, inform such person of all provisions of this Stipulation and Protective Order; (c) as soon as possible and no later than five (5) working days of the discovery of the unauthorized nature of such disclosure, identify such person to the producing party; and (d) request such person to sign the Agreement to Abide by Stipulation and Protective Order in the form attached hereto as Exhibit B.  The executed agreement shall be served upon counsel of record for the producing party as soon as possible and no later than five (5) working days of its execution by the party to whom Confidential Information was disclosed.

      13.    Nothing in this Stipulation and Protective Order shall require disclosure of information which counsel contends is protected from disclosure by the attorney-client privilege or attorney work-product immunity.

      14.    Disclosure of information which is required by agreement with another to be maintained in confidence shall be made to the attorneys of each party only, and shall be otherwise subject to the provisions of this Stipulation and Protective Order regarding further disclosure directly to the parties hereto, or to potential witnesses, experts, consultants and nonparties.

      15.    If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information.  If a party has inadvertently or mistakenly produced information subject to claim of immunity or privilege, upon request made by the producing party within five (5) business days of discovery of such inadvertent or mistaken production, the information for

which a claim of mistaken or inadvertent production is made shall be returned within five (5) working days of such request and, if the return of an inadvertently or mistakenly produced document or thing is requested, all copies of that document or thing that may have been made shall be returned or destroyed.

16. The restrictions and obligations set forth in this Stipulation and Protective Order relating to Confidential Information shall not apply to any information which (i) the parties agree, or the Court rules, is already public knowledge, (ii) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, or (iii) is in the receiving party's legitimate possession independently of the producing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person concerning Confidential Information if said person already has legitimate possession thereof.

17. This Stipulation and Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

18. This Stipulation and Protective Order shall survive the termination of this action.

19. After final termination of this action, the counsel designated in paragraph 5 hereof for the receiving party may each retain one archival copy of deposition exhibits, Court exhibits, documents, and other materials submitted to the Court, deposition transcripts and transcripts of court proceedings, any of which include Confidential Information, to the extent it reflects an attorney's work product. Such material shall continue to be treated as Confidential Information under this agreement. After final termination of this action, counsel for the receiving party shall return to counsel for the producing party all additional Confidential Information in its possession, custody or control, or in the custody of any authorized agents, witnesses, outside experts and consultants retained or utilized by counsel for the receiving party. In lieu of returning the Confidential Information to the producing party, the receiving party shall certify destruction thereof to the producing parties' counsel. As to Confidential Information reflected in computer databases or backup tapes, the receiving party shall delete all such Confidential Information or

shall impose passwords or designate the information in a manner reasonably calculated to prevent unauthorized access to the Confidential Information.

20. If a third party provides discovery to any party in connection with this action, and if the third party so elects, then the provisions of this Stipulation and Protective Order shall apply to such third party as if such discovery were being provided by a party. Under such circumstances, the third party shall have the same rights and obligations under this Stipulation and Protective Order as held by the parties to this action.

In addition to the parties, a member of the public may challenge the confidential designation of particular documents on motion.

Agreed to and Accepted by:

MEYER MANUFACTURING COMPANY LIMITED, Plaintiff and Counter Defendant and MEYER CORPORATION, U.S., Counter Defendant

Dated: 9/24/2012     By: /s/ Michael A. Grill
                         One of their attorneys

Agreed to and Accepted by:

TELEBRANDS CORP.
Defendant and Counter Claimant

Dated: 9/24/2012     By: /s/ Robert T. Maldonado
                         One of its attorneys

IT IS SO ORDERED.

DATED: September 26, 2012

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUD

Dad1.civil.3153.stip.protord.docx

-10-

# **EXHIBIT A**

### **CATEGORIES OF INFORMATION THAT MAY BE DESIGNATED AND TREATED AS CONFIDENTIAL INFORMATION UNDER THE STIPULATION AND PROTECTIVE ORDER**

1. Names and contact information for vendors, suppliers, manufacturers, distributors, and customers;

2. Financial information, including sales and cost information and revenues derived from the products involved in this lawsuit;

3. Business plan documents regarding products and sales, pricing, and patents or trademarks;

4. All documents containing trade secrets, including documents containing any business formula, practice, process, or design that is not generally known to the public.

5. Information subject to confidentiality restrictions in agreements with entities other than litigants; and

6. Product blueprints, diagrams, dimensions, materials, and other technical information that is not publicly available.

7. Internal communications and other documents which are not publicly available.

**Exhibit B**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEYER MANUFACTURING COMPANY LIMITED,<br><br>        Plaintiff,<br><br>    v.<br><br>TELEBRANDS CORP., a New Jersey Corporation,<br><br>        Defendant<br>―――――――――――――――――<br>TELEBRANDS CORP., a New Jersey Corporation,<br><br>        Counter-Plaintiff,<br><br>    v.<br><br>MEYER MANUFACTURING COMPANY LIMITED, and<br><br>MEYER CORPORATION U.S.,<br><br>        Counter-Defendants. | CASE NO. 2:11-cv-03153 LKK-DAD<br><br>**STIPULATION AND PROTECTIVE ORDER** |

## AGREEMENT TO ABIDE BY STIPULATION AND PROTECTIVE ORDER

I have read the Stipulation and Protective Order applicable to the above-captioned action. I understand its terms and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States District Court for the Eastern District of California, for purposes of the enforcement of the Stipulation and Protective Order.

I understand, in particular, that any Confidential Information (as that term is defined in the Stipulation and Protective Order) and any copies, excerpts or summaries thereof and materials containing information derived therefrom, as well as any knowledge or information derived from any of the aforementioned items, may be used only for purposes of this litigation and may not be used for any other purpose, including without limitation, any technical, business or commercial purpose.

I further understand that failure to abide fully by the terms of the Stipulation and Protective Order may result in legal action against me.

Dated: _____   Agreed: _____

#11431165_v2

-15-