1
2
3
4
5
6
7
8
9                    IN THE UNITED STATES DISTRICT COURT

10               FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

11

12   MEYER MANUFACTURING
     COMPANY LIMITED, a Hong
13   Kong Corporation,

14                    Plaintiff,              No. 2:11-cv-03153-TLN-DAD

15          vs.

16   TELEBRANDS CORP., a New Jersey
     Corporation,
17
18                    Defendant.              ORDER

19   _____/

20

21          This matter is before the Court on Telebrand's ("Defendant") Motion for Leave

22   to Amend the Answer to the Complaint (ECF No. 65) and Defendant's subsequent Motion to

23   Amend the Scheduling Order (ECF No. 67).  Meyer Manufacturing Company, Ltd. ("Plaintiff")

24   has filed an opposition to both motions.  (*See* Pl.'s Combined Mem. of P&A in Opp'n to

25   Telebrands' Mot. for Leave to Am., ECF No. 69.)  The Court has carefully considered

26   Defendant's motion and the arguments presented in Plaintiff's opposition.  For the reasons

27   below, the court GRANTS Defendant's Motion for Leave to Amend (ECF No. 65) and

28   Defendant's Motion to Amend the Scheduling Order (ECF No. 67).

                                        1

I.       FACTUAL AND PROCEDURAL BACKGROUND

Defendant alleges that it owns a trademark on the Supplemental Registry covering the "color green on the inside surface of a cooking pot or pan." (Countercl. ECF No. 34 at ¶ 9.) Defendant utilizes this mark on its OrGREENic line of cookware. (ECF No. 34 at ¶ 9.) Plaintiff seeks a declaration that its EarthPan cookware – which is sold in green and other colors – does not infringe Defendant's mark. (Compl., ECF No. 1 at ¶¶ 21−24.) Further, Plaintiff seeks an order cancelling Defendant's supplemental mark. (ECF No. 1 at ¶¶ 25−28.) In response, Defendant has filed counterclaims against Plaintiff for trademark infringement and unfair competition. (ECF No. 34 at ¶¶ 25−39.)

On June 1, 2012, this Court entered a Pretrial Scheduling Conference Order (the "Scheduling Order") which stated that "no further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown." (ECF No. 39.) Shortly thereafter, the parties commenced discovery. In Defendant's First Set of Interrogatories, Defendant asked Plaintiff to

> [i]dentify all third parties which have sold pots or pans bearing the color green on an inside surface thereof in the United States, including the years when all such sales have occurred in the United States, the volume of such sales in units and dollars, and identifying all advertising and marketing relating to such alleged sales and identify all individuals most knowledgeable about the foregoing.

(ECF No. 69-1 at 7.) On July 25, 2012, in response to Defendant's interrogatory, Plaintiff stated

> Meyer U.S. states that pans with green interior surfaces were sold by Moneta in the 1990's, and that cookware having green interiors and exteriors are currently sold under the "Technique" brand, the "Mark Charles Misilli" brand, the "Cook's Essentials" brand, and the "Appolia French Cuisine" designation. To the extent that "all third parties" includes parties to this suit, Meyer U.S. also identifies Meyer Manufacturing.

(ECF No. 69-1 at 7.)

On November 7, 2012, during the Deposition of Robert Rae, Mr. Rae testified that both the "Technique" and "Cook's Essentials" brands are manufactured by Plaintiff. (Rae Dep., ECF No. 69-2.) On November 8, 2012, during the Deposition of Irene Tam, Ms. Tam

2

also testified that both the "Technique" and "Cook's Essentials" brands are manufactured by Plaintiff. (Tam Dep., ECF No. 69-3.)  On December 10, 2012, during the Deposition of Dean Krause, Mr. Krause testified that both the "Cook's Essentials" and "Technique" pans bear a green interior and are manufactured by a Meyer affiliate.  (Krause Dep., ECF No. 69-4.)

On January 14, 2013, Defendant sought Plaintiff's consent to file amended counterclaims to add the "Techniques" and "Cook's Essentials" lines.  In a letter dated January 15, 2013, Plaintiff's counsel informed Defendant that it would not consent to the request because the deadline to amend pleadings had passed, the information regarding the "Cook's Essentials" and "Technique" products had been known by Defendant for several months, and that Plaintiff was preparing to file a summary judgment motion.  On January 22, 2013, Defendant filed its Motion for Leave to Amend its Answer and Counterclaims.  (ECF No. 65.)

On January 29, 2013, Defendant requested Plaintff's consent to modify the Scheduling Order to extend discovery.  In a letter dated January 31, 2013, Plaintiff's counsel informed Defendant that it would not consent.  On February 11, 2013, Defendant filed a Motion to Amend the Scheduling Order.  (ECF No. 67.)  Plaintiff opposes both motions and contends that its July 2012 response to Defendant's First set of Interrogatories put Defendant on notice of the existence of the "Techniques" and "Cook Essentials" brands and that Defendant could have easily discovered that Plaintiff is the manufacturer.  (ECF No. 69.)

II.     STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Rule 15(a)(2) further states that the "court should freely give leave when justice so requires."  The Ninth Circuit has held that "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citing *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam))). This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties, but is subject to several factors.  *Id.*  The four factors that are

3

commonly used to determine the propriety of a motion for leave to amend are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.  *See id.*; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011); *Loehr v. Ventura County Community College Dist.,* 743 F.2d 1310, 1319 (9th Cir. 1984); *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir. 1973).  These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend.  *See DCD Programs,* 833 F.2d at 186; *Webb,* 655 F.2d at 980; *Hurn v. Retirement Fund Trust of Plumbing,* 648 F.2d 1252, 1254 (9th Cir. 1981).

Once the district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 and the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Rule 16(b)(4) is implicated and provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Thus, a party must first show good cause for amendment under Rule 16(b) and then if good cause is shown, the party must demonstrate that the proposed amendment is proper under Rule 15.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

III.   <u>ANALYSIS</u>

**A.  Federal Rule of Civil Procedure 16**

To prevail, Plaintiff must first show good cause.  "Whether good cause exists to modify a scheduling order relies largely on the diligence of the party seeking the modification."  *See, e.g., Johnson*, 975 F.2d at 609.  Plaintiff contends that Defendant's motion should be denied because Defendant cannot show good cause.  (ECF No. 69 at 6−7.)  Specifically, Plaintiff alleges that Defendant's "claim that it only 'recently' learned that a Meyer Entity manufactures the 'Cook's Essentials' and 'Techniques' products bearing a green interior is either disingenuous or a product of Defendant's own lack of diligence."  (ECF No. 69 at 6−7.)  Plaintiff asserts that it informed Defendant of Plaintiff's "Technique" and "Cook's Essentials" products bearing the mark on July 25, 2012, in its Answer to Telebrands' First Set of Interrogatories.  (*See* ECF No. 69 at 6.)

4

Although Plaintiff did inform Defendant of the existence of the "Technique" and "Cook Essentials" lines, the Court finds Plaintiff's assertion − that Defendant should have known that they were manufactured by Plaintiff − to be disingenuous.  The referenced response to Defendant's interrogatory is ambiguous at best and does not clearly state that Plaintiff manufactures "Technique" and "Cook's Essentials" products.  Instead, the wording implies that these brands are manufactured by a third party.  As such, it is likely that Defendant first learned that these products were manufactured by Plaintiff during the depositions of Plaintiff's witnesses in November and December 2012.  Defendant sought consent for leave to amend from Plaintiff on January 15, 2013, and filed its Motion for Leave to Amend one week later on January 22, 2013.  The Court finds this time frame to be reasonable and thus does not agree with Plaintiff's contention that Defendant failed to act diligently.  *See Kuschner v. Nationwide Credit, Inc.,* 256 F.R.D. 684, 688 (E.D. Cal. 2009) (finding that a party acted diligently in filing a motion for leave to amend in February 2009 based on evidence discovered in December of 2008).  Furthermore, the Court finds that Defendant's recent discovery that Plaintiff manufactures additional products that allegedly infringe Defendant's mark satisfies the good cause requirement.  *See Atmel Corp. v. Authentec, Inc.*, C 06-2138 CW, 2008 WL 276392, at *3 (N.D. Cal. Jan. 31, 2008).  Therefore, because Defendants have thus shown good cause, this Court must address whether Defendant's Motion for Leave to Amend is proper under Rule 15.

## B.  Federal Rule of Civil Procedure 15

In deciding whether Defendant's motion is proper, the Court must consider the following four factors: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.  *DCD Programs*, 833 F.2d at 186.  The Court notes that there is no evidence of bad faith nor would the proposed amendment be futile.  Thus, the issue turns on whether leave to amend would prejudice Plaintiff or cause undue delay.

Plaintiff contends that "allowing Telebrands to amend its Counterclaims will substantially prejudice the Meyer Entities."  (ECF No. 69 at 9.)  Plaintiff cites *Solomon v. North American Life & Casualty Insurance Company*, 151 F.3d 1132, 1139 (9th Cir. 1998), for the proposition that a need to reopen discovery and therefore delay the proceedings supports a

finding of prejudice from a delayed motion to amend.  This Court does not find *Solomon* persuasive because in *Solomon* the plaintiff sought to add a new cause of action.  In the instant case, Defendant's amendment to the counterclaims is based on the identical legal theory and claims previously promulgated in this case.  Furthermore, the Court finds that although the amendments may cause some delay because Defendant has already served discovery concerning these additional products on Meyer, the proposed amendment will not unduly delay progress of this action.  Although the Court is sympathetic to Plaintiff's argument, delay alone is insufficient to justify denial of leave to amend.  *See Webb,* 655 F.2d at 980; *Hurn,* 648 F.2d at 1254.  Thus, in the interest of justice and judicial economy, the Court GRANTS Defendant's Motion for Leave to Amend (ECF No. 65).

### C.  Defendant's Motion to Amend the Scheduling Order

In Defendant's Motion to Amend the Scheduling Order it requests that the Court modify the Scheduling Order to permit Defendant to promptly file a motion to compel limited to:

> (1) Meyer Corporation U.S. to answer Telebrands' Interrogatory No. 9; (2) Meyer Corporation U.S. to respond to Telebrands' Third Set Request for Production of Documents and Things (Nos. 85-89); (3) Meyer Manufacturing Company Limited to answer Telebrands' Interrogatory No. 11; (4) Meyer Manufacturing Company Limited to respond to Telebrands' Third Set of Requests for Production of Documents and Things (Nos. 85-89); and (5) Meyer Corporation U.S. and Meyer Manufacturing Company Limited to designate and to produce one or more witnesses to testify pursuant to Telebrands' Second Notice of Deposition Pursuant To Rule 30(b)(6), Fed. R. Civ. P.

(ECF No. 67 at 2−3.)  Because this Court has allowed Defendant to amend its Counterclaims, Defendant should be afforded the opportunity to obtain the necessary information to adequately bring its claim.  As such, the Court GRANTS Defendant's Motion and extends the discovery completion deadline for a period of ninety-days from the date of this Order for the exclusive and limited purpose of allowing Defendant to file a motion to compel concerning the five items listed above.  In doing so, the Court cautions Defendant that discovery shall be limited to the aforementioned items that have already been served on Plaintiff and that no further extension shall be permitted.  Thus, all discovery allowed pursuant to this Order **shall be completed on or before September 16, 2013**.

6

IV.     <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motions for Leave to Amend (ECF No. 65) and Amendment of the Scheduling Order (ECF No. 67) are GRANTED.  Accordingly it is hereby ADJUDGED that

1. Defendant's Motion for Leave to Amend (ECF No. 65) is GRANTED.

2. Defendant may file its Amended Counterclaims within 14 days of the service of this Order.

3. Defendant's Motion to Amend the Scheduling Order (ECF No. 67) is GRANTED.

4. The Scheduling Order (ECF No. 39) is amended to extend the close of discovery until September 16, 2013, for the exclusive and limited purpose of allowing Defendant to file a Motion to Compel regarding the five items referenced above.

5. Pursuant to this Order, Plaintiff's Pending Motion for Summary Judgment (ECF No. 72) is **DENIED as MOOT**.


IT IS SO ORDERED.

DATED:        June 19, 2013


Troy L. Nunley
United States District Judge