IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

MEYER MANUFACTURING
COMPANY LIMITED, a Hong
Kong Corporation,

        Plaintiff,        No. 2:11-cv-03153-TLN-DAD

  vs.

TELEBRANDS CORP., a New Jersey
Corporation,

        Defendant.       <u>ORDER</u>
_____/

      This matter is before the court on Meyer Manufacturing Company, Ltd.'s ("Plaintiff") Motion to Strike the Expert Report and Survey Evidence of Stephen M. Nowlis, Ph.D. (ECF No. 67.) Telebrands Corporation ("Defendant") has submitted an opposition to Plaintiff's motion. (Opp'n to Meyer's Mot. To Strike, ECF No. 75.) The Court has carefully considered Plaintiff's motion and the arguments presented in Defendant's opposition. For the reasons below, the court DENIES Plaintiff's Motion to Strike. (ECF No. 65.)

I.     <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

      Defendant alleges that it owns a trademark on the Supplemental Registry covering the "color green on the inside surface of a cooking pot or pan." (Countercl. ECF No.

1

1  34 at ¶ 9.)  Defendant utilizes this mark on its OrGREENic line of cookware.  (ECF No. 34 at ¶
2  9.)  Plaintiff seeks a declaration that its EarthPan cookware – which is sold in green and other
3  colors – does not infringe Defendant's mark.  (Compl., ECF No. 1 at ¶¶ 21−24.)  Additionally,
4  Plaintiff seeks an order cancelling Defendant's supplemental mark.  (ECF No. 1 at ¶¶ 25−28.)
5  In response, Defendant has filed counterclaims against Plaintiff for trademark infringement and
6  unfair competition.  (ECF No. 34 at ¶¶ 25−39.)
7           On June 1, 2012, this Court entered a Pretrial Scheduling Conference Order (the
8  "Scheduling Order") which stated that "no further joinder of parties or amendments to
9  pleadings is permitted except with leave of court, good cause having been shown." (ECF No.
10 39.)  The Scheduling Order required that the parties disclose all Rule 26 experts that they
11 propose to tender at trial on or before November 30, 2012.  (ECF No. 39 at 5.)  Pursuant to the
12 parties' request, the Court issued an amendment to the order designating January 7, 2013, as the
13 deadline for disclosing rebuttal expert witness.  (Stipulation and Order, ECF No. 50.)  On
14 November 23, 2012, Plaintiff submitted the designation, expert report, and survey evidence of
15 Mr. Hal Poret, concerning whether Defendant's supplemental mark has acquired secondary
16 meaning.  (Poret Report, ECF No. 68-1.)  Defendant did not designate a single expert report on
17 the November 30th deadline.  Instead, on the rebuttal expert disclosure deadline of January 7,
18 2013, Defendant designated and served reports for two rebuttal experts, Dr. Nowlis and Mr.
19 Robert L. Klein.
20          Plaintiff has filed a Motion to Strike Dr. Nowlis' report and survey contending
21 that Defendant has improperly submitted Dr. Nowlis as a rebuttal expert.  (ECF No. 68.)  In its
22 motion, Plaintiff concedes that Mr. Klein's report is a proper rebuttal report, because it
23 critiques Mr. Poret's conclusion that the Defendant's supplemental mark lacks secondary
24 meaning.  (ECF No. 68 at 3.)  However, Plaintiff contends that Dr. Nowlis' report is not proper
25 because it fails to critique the Poret report and instead presents Dr. Nowlis' own affirmative
26 conclusion based upon his new secondary meaning survey.  (ECF No. 68 at 3.)
27
28

II.     STANDARD

Federal Rule of Civil Procedure 26(a)(2)(B) requires the parties to disclose the identity of each expert witness "accompanied by a written report prepared and signed by the witness." In addition, Rule 26 permits rebuttal expert testimony intended to contradict or rebut evidence "on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii). Rebuttal testimony is proper as long as it addresses the same subject matter that the initial experts address and does not introduce new arguments. *See Perez v. State Farm Mutual Auto. Ins. Co.*, No. C 06-01962, 2011 WL 8601203, at *6 (N.D. Cal. Dec. 7, 2011); *General Electric Company v. Wilkins*, 1:10-cv-00674 LJO JLT, 2012 WL 5398407, at *2−3 (E.D. Cal. Nov. 2, 2012).

In the event that a disclosed rebuttal expert is not proper, "Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). Rule 37(c)(1) is a "self-executing," "automatic" sanction designed to provide a strong inducement for disclosure. *Id.* (internal citations omitted). Rule 37(c)(1)'s exclusion sanction is mandatory unless the failure to disclose is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

III.    ANALYSIS

Plaintiff raises three arguments as to why Dr. Nowlis' report is improper. Plaintiff argues (1) that the report improperly raises issues that go directly to Defendant's case in chief; (2) that the report fails to critique Mr. Poret's methodology or conclusion and instead offers entirely new evidence in the report; and (3) that because Dr. Nowlis is not a proper rebuttal expert, Defendant's disclosure was untimely and requires automatic exclusion. (ECF No. 68 at 5−6). The Court shall address each of these arguments in turn.

First, Defendant contends that Dr. Nowlis' report improperly raises issues that go directly to Defendant's case in chief. Plaintiff is correct that in order for Defendant to succeed it must show that its supplemental mark has acquired secondary meaning. 15 U.S.C.A.

§ 1125 (West 2012). However, the Ninth Circuit has held that "survey evidence is only one of the most persuasive ways to prove secondary meaning, and [is] not a requirement." *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 822 (9th Cir. 1996) (citing *Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 615 (9th Cir. 1989)). For example, "[p]roof of exact copying, without any opposing proof, can be sufficient to establish a secondary meaning." *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1016 (9th Cir. 1985). Thus, Defendant is not required to present survey evidence in its case in chief. *See Companhia De Bebidas Das Americas – Ambev v. The Coca-Cola Co.*, No. 91178953, 2012 WL 1881492, at *2 (TTAB May 2, 2012) (holding "the fact that evidence might have been offered in chief does not preclude its admission as rebuttal"). Moreover, courts have held that rebuttal surveys establishing secondary meaning are proper as long as the survey is limited to the subject matter offered in the original report that is being rebutted. *See F.T.C. v. Inc21.com Corp.*, 745 F. Supp. 2d 975, 1001 (N.D. Cal. 2010), *aff'd*, 475 F. App'x 106 (9th Cir. 2012); *CytoSport, Inc. v. Vital Pharmaceuticals, Inc.*, 617 F. Supp. 2d 1051, 1076 at n.10 (E.D. Cal. 2009), *aff'd*, 348 F. App'x 288 (9th Cir. 2009); *Companhia De Bebidas Das Americas - Ambev*, 2012 WL 1881492, at *2 (citing *Data Packaging Corp. v. Morning Star, Inc.*, 212 USPQ 109, 113 (TTAB 1981); *see also* 6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 32:158 (4th ed.) ("The survey expert for the opponent may then attack the substance and form of the other side's survey and/or counter it with a different survey producing different results.").

        Second, Plaintiff contends that Dr. Nowlis' report is improper because it fails to critique Mr. Poret's methodology or conclusion and instead offers entirely new evidence. The purpose of rebuttal is to "introduce facts and witnesses appropriate to deny, explain or discredit the facts and witnesses adduced by the opponent. . . ." *Companhia De Bebidas Das Americas - Ambev,* 2012 WL 1881492, at *2 (quoting *Royal Crown Cola Co. v. Bakers Franchise Corp.*, 150 USPQ 698, 700 (TTAB 1966), *aff'd*, 160 USPQ 192, (CCPA 1969)). If one were to consider Dr. Nowlis' report in a vacuum Plaintiff's assertion might be true. However, when the report is considered in conjunction with Mr. Klein's report it becomes apparent that Dr. Nowlis' report essentially replicated Mr. Poret's study, with the exception that it rectified the

4

alleged errors that are detailed in Mr. Klein's report.  Thus, the report is not offering new legal theories, but attempts to disprove and discredit Mr. Poret's results.

Finally, because the Court finds that Defendant's rebuttal witness is proper, the Court disagrees with Plaintiff's assertions that Defendant's disclosure was untimely.  Although the Court finds that Defendant's rebuttal witness is proper, it is cognizant of the fact that Defendant has the burden to establish secondary meaning, and that Defendant has not put forth any expert survey evidence to support its contention that its mark has acquired such.  Furthermore, although the Ninth Circuit has conceded that survey evidence is not required, it has also found that "[a]n expert survey of purchasers can provide the **most persuasive evidence of secondary meaning**." *Vision Sports, Inc.*, 888 F.2d at 615 (emphasis added).  The Court finds Defendant's failure to disclose any initial experts pursuant to Rule 26 and the timing of its rebuttal expert disclosure reeks of gamesmanship.  The Court notes that because Defendant has only disclosed rebuttal expert witnesses, Defendant will be foreclosed the opportunity to offer survey evidence in the event that Plaintiff decides not to present Mr. Poret's report.[1]  In such an event, the issue of whether Defendant's rebuttal survey is proper would be moot.

IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike (ECF No. 68) is hereby DENIED.

IT IS SO ORDERED.

DATED:   June 19, 2013

Troy L. Nunley
United States District Judge

---

[1] Pursuant to the Scheduling Order issued by this Court (ECF No. 39), the parties were ordered to disclose all Rule 26 experts that they propose to tender at trial on or before November 30, 2012.  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (holding that exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)).